# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FREDERICK G. LAND,

    Petitioner,

vs.

J. BENEDETTI, et al.,

    Respondents.

Case No. 3:08-CV-00317-ECR-(RAM)

**ORDER**

    Before the Court are Respondents' Motion to Dismiss (#36) and Plaintiff's Opposition (#39).  The Court finds that this action is untimely and grants the motion.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires.  Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999).  See also Sup. Ct. R.

13(1). If the date on which the period would commence occurred before enactment of § 2244(d)(1) on April 24, 1996, then the period commenced on the next day, April 25, 1996. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Equitable tolling of the period might be available, but the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

Pursuant to a plea of guilty, Petitioner was convicted in the Eighth Judicial District Court of the State of Nevada of three counts of attempted sexual assault. The court entered its judgment of conviction on February 28, 1985. Ex. 14 (#37-7, p. 3).[1] Petitioner appealed, and the Nevada Supreme Court affirmed on December 19, 1985. Ex. 18 (#37-7, p. 31).

On August 23, 1995, Petitioner filed a state habeas corpus petition. Ex. 63 (#37-24, p. 22). Petitioner filed another state habeas corpus petition on February 3, 1997. Ex. 69 (#37-25, p. 19). After these petitions were denied, Petitioner appealed, and the Nevada Supreme Court consolidated the appeals. The Nevada Supreme Court decided the appeals on August 27, 1998. Ex. 85 (#37-31, p. 25). Remittitur issued on September 15, 1998. Ex. 86 (#37-31, p. 31), Ex. 87 (#37-31, p. 33). Although the Nevada Supreme Court determined that some of Petitioner's grounds for relief were untimely, the court also decided on the merits Petitioner's grounds regarding the denial of parole. This Court determines that these state habeas corpus proceedings qualify for tolling pursuant to 28 U.S.C. § 2244(d)(2). Because one of the petitions was pending at the time of

---

[1] Page numbers in parentheses refer to the documents in the Court's computerized docket.

enactment of § 2244(d), no time had run in the period of limitation through September 15, 1998, when the Nevada Supreme Court issued its remittitur. Jefferson, 419 F.3d at 1015 n.2.

Petitioner next filed a motion to correct an illegal sentence on March 26, 1999. Ex. 88 (#37-31, p. 35). The state district court construed the motion as a habeas corpus petition. It then determined that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726. Ex. 91 (#37-32, p. 12). Petitioner did not timely appeal, and an untimely appeal was dismissed for lack of jurisdiction. Ex. 101 (#37-32, p. 53). Because this petition was untimely, it was not properly filed and does not toll the period of limitation. Pace, 544 U.S. at 417.

Petitioner filed another state habeas corpus petition on July 30, 1999. Ex. 96 (#37-37, p. 32). This petition did not challenge the validity of his confinement pursuant to the 1985 judgment of conviction, and it is irrelevant to the Court's calculations.

Starting on June 15, 2006, Petitioner filed a series of habeas corpus petitions, mandamus petitions, and other motions. Ex. 102 (#37-33). Ultimately, the Nevada Supreme Court determined that they were all untimely. Ex. 117 (#37-45, p. 46). Therefore, these petitions were not properly filed and do not toll the period of limitation. Pace, 544 U.S. at 417.

This action is untimely. This Court received the original Petition for a Writ of Habeas Corpus (#2) on June 9, 2008; Petitioner did not state when he mailed it. Without any tolling of the period of limitation after September 15, 1998, three thousand five hundred fifty-five days passed before the Court received the original Petition (#2).

Petitioner's arguments are the same frivolous sovereign-citizen arguments that he presented in his Amended Petition (#19). Nothing in his arguments leads the Court to conclude that equitable tolling is warranted.

///
///
///
///
///
///

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#36) is **GRANTED**. This action is **DISMISSED** with prejudice as untimely. The Clerk of the Court shall enter judgment accordingly.

DATED:   November 16, 2009

*[signature: Edward C. Reed]*
_____
EDWARD C. REED
United States District Judge